999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry SHACKLEFORD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-4006.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.[1]
 PER CURIAM.
 
 
 1
 Larry Shackleford appeals the district court's judgment affirming the Department of Human Service's rejection of his claim for disability insurance benefits. We affirm.
 
 
 2
 As of December 1988, Mr. Shackleford was thirty-seven years old, he possessed a high school diploma, and he had worked as a maintenance worker and supervisor for fourteen years.
 
 
 3
 In October 1989, Larry Shackleford applied to the Department of Health and Human Services for disability insurance benefits pursuant to 42 U.S.C. §§ 416(i) and 423. Mr. Shackleford alleged that he had been disabled since April 6, 1986 due to a back problem, heart and stomach problems, and arthritis. The Department rejected Mr. Shackleford's claim, and Shackleford requested an administrative hearing.
 
 
 4
 At the administrative hearing, Mr. Shackleford presented evidence to show that he had been disabled. The evidence available between April 1986 and December 1988 concerning Mr. Shackleford's medical condition was: 1) an x-ray image of Mr. Shackleford's lumbar spine, taken in April 1986, which showed mild lower dorsal spondylosis (a general term for degenerative changes due to osteoarthritis) and mild lower lumbar disc narrowing; 2) a computerized tomography scan of Mr. Shackleford's lumbar spine which showed mild stenosis (a narrowing of the spinal canal) in two vertebrae and some disc bulging, but no herniation; 3) a diagnosis from September 1987 in which Mr. Shackleford was diagnosed with acute coronary insufficiency and a hiatal hernia with reflux esophagitis (a condition where the contents of Mr. Shackleford's stomach and duodenum back up into his esophagus and lead to heartburn and regurgitation); 4) a report from December 1987 in which Mr. Shackleford underwent anterior cervical discectomy and fusion of two vertebrae, which relieved pain Mr. Shackleford had in his upper back; 5) a report from August 1986 which showed that Mr. Shackleford underwent an inspection of his upper digestive system, revealing chronic and acute reflux and ulceration of the lower esophagus; and 6) a report from August 1988 which showed that Mr. Shackleford had a polyp removed from his colon.
 
 
 5
 Mr. Shackleford also presented evidence concerning his physical condition after December 31, 1988, which included, among other maladies, chest pain, chronic low back pain, anterior osteophytic spurring, narrowing of the lumbosacral junction, degenerative disc disease, herniated discs, and stenosis.
 
 
 6
 At the administrative hearing, Mr. Shackleford testified that he had low back pain, which he relieved by taking hot baths three to five times per day. Mr. Shackleford testified that he could sit for at least one and one-half hour at a time and stand for forty-five minutes at a time. He also testified that he could walk down one block, and possibly even two blocks. Janet Birmingham, a vocational expert, testified that Mr. Shackleford was not capable of performing his old jobs, as maintenance supervisor or maintenance worker. She also testified that he had no skills as a maintenance worker which were transferrable to sedentary work. Finally, she testified that if Mr. Shackleford were able to perform sedentary work, then, based on his age, education, and experience, he would qualify for approximately 35,000 jobs in the Dayton/Cincinnati area.
 
 
 7
 The administrative law judge determined that Mr. Shackleford was not insured under the disability insurance program as of December 1988. Mr. Shackleford has not appealed that conclusion. The administrative law judge also determined that Mr. Shackleford was able to perform at least sedentary work until December 1988. Based on Mr. Shackleford's residual functional capacity, age, education, and work experience, the administrative law judge determined that he was not disabled for purposes of 42 U.S.C. § 423(d)(2)(A).
 
 
 8
 Mr. Shackleford appealed the administrative law judge's decision to the Department's Appeals Council. To support his appeal, Mr. Shackleford submitted further evidence of his medical condition, including a statement from his physician that he was disabled as of April 1986. The Appeals Council rejected Mr. Shackleford's request for review of the administrative law judge's decision. Mr. Shackleford filed suit for judicial review of the administrative law judge's decision. The district court referred Mr. Shackleford's case to a magistrate judge, who recommended that the Department's decision be affirmed. The district court accepted the magistrate judge's recommendation and entered judgment for the Department, affirming its denial benefits. This appeal followed.
 
 
 9
 Judicial review of the Department's rejection of a claim for disability benefits is circumscribed by 42 U.S.C. § 405(g). That provision provides, in pertinent part,
 
 
 10
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....
 
 
 11
 In this case, the administrative law judge determined that Mr. Shackleford was capable of performing sedentary work between April 6, 1986 and December 31, 1988. Sedentary work is defined in 20 C.F.R. § 404.1567(a) as:
 
 
 12
 ... lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.
 
 
 13
 The administrative law judge based its decision that Mr. Shackleford could perform sedentary work during the applicable time frame on the fact that Mr. Shackleford in November 1990 could sit for an hour and a half, stand for forty-five minutes, walk at least one block, and lift ten pounds. Because Mr. Shackleford retained these capacities in 1990, even after the medical problems and procedures that he had undergone in 1989 and 1990, the administrative law judge concluded that Mr. Shackleford could perform sedentary work between April 1986 and December 1988.
 
 
 14
 The administrative law judge's finding that Mr. Shackleford was capable of engaging in sedentary work between 1986 and 1988 is supported by substantial evidence. Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 399-400 (1971). Mr. Shackleford's testimony in 1990 that he could sit for one and one-half hours at a time, that he could walk short distances, and that he could occasionally lift ten pounds is certainly adequate to support the conclusion that he could perform sedentary work. Nothing in the record indicates that Mr. Shackleford was able to function better in 1990 than between April 1986 and December 1988. In fact, the far more logical conclusion, in light of the medical problems which he developed after 1988, is that Mr. Shackleford was more capable of performing sedentary work between 1986 and 1988 than in 1990. Moreover, the Department is entitled to rely on its medical-vocational guidelines to determine whether a claimant is disabled for purposes of the statute. See Kirk v. Secretary of Health & Human Svcs., 667 F.2d 524, 535 (6th Cir.1981). Under the medical-vocational guidelines, a person of Mr. Shackleford's functional capacity (i.e., capable of performing sedentary work), age, education, and experience is not disabled. See 20 C.F.R. § 404, Appendix 2, Subpart P, Rule 201.28.
 
 
 15
 To gain disability benefits, a claimant must prove he was disabled as of the date, if any, that he lost his insured status. 42 U.S.C. § 423(a), (c); Moon v. Sullivan, 923 F.2d 1175 (6th Cir.1990). Mr. Shackleford does not appeal the administrative law judge's determination that he lost his insured status in December 1988. Accordingly, he is not entitled to benefits after the date he lost his insured status.
 
 
 16
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation